UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff

v.  Case No. 8:09-cr-369-T-24AEP

GERARDO PALOMINO-MORENO
    Defendant

## ORDER

This matter comes before the Court on Gerardo Palomino-Moreno's motion for early disposition or his eligibility for the fast track program. (Doc. 122).

**I)**      **Background**

On December 4, 2009, Gerardo Palomino-Moreno pled guilty to conspiracy to operate a semi-submersible vessel without nationality with intent to evade and operation of a semi-submersible vessel without nationality with intent to evade. Palomino-Moreno was sentenced on March 19, 2010 to 108 months of incarceration. (Doc. No. 90). The Eleventh Circuit affirmed both his conviction and sentence on March 23, 2011. (Doc. No. 121).

On January 31, 2012, Deputy United States Attorney General James M. Cole issued a memorandum announcing the expansion of the immigration fast-track program ("Program") to all judicial districts in the United States. Mem. from Deputy Attorney General James M. Cole to U.S. Attorneys (Jan. 31, 2012), *available at* http://www.justice.gov/dag/fast-track-program.pdf (the "Cole Memorandum"). Fast-track immigration programs were created in the mid-1990s in states along the United States' border with Mexico in response to overwhelming caseloads of

immigration offenses plaguing district courts in these areas. U.S. v. Jimenez-Perez, 659 F.3d 704, 706 (8th Cir. 2011); U.S. v. Morales-Chaires, 430 F.3d 1124, 1127 (10th Cir. 2005). The Program allows eligible defendants to receive shortened sentences in return for forfeiting certain rights. U.S. v. Marcial-Santiago, 447 F.3d 715, 718 (9th Cir. 2006). Defendants participating in the Program must waive both the right to appeal and to collaterally challenge their sentences, except that defendants may file a collateral challenge related to ineffective assistance of counsel. U.S. v. Melendez-Torres, 420 F.3d 45, 52 (1st Cir. 2005); Cole Memorandum at 3-4. Additionally, those taking part in the Program may not file certain pre-trial motions and must admit to the factual basis of the offense(s); U.S. Attorneys may also impose additional procedural requirements not specifically identified in the Cole Memorandum. Cole Memorandum at 3-4. The rationale behind the Program is:

> a defendant who promptly agrees to participate in such a program saves the government significant and scarce resources that can be used to prosecute other defendants, and that a defendant who receives a fast-track departure has demonstrated an acceptance of responsibility above and beyond what is already taken into account by the adjustments contained in the Sentencing Guidelines.

Cole Memorandum at 1.

In 2003, Congress passed legislation directing the United States Sentencing Commission to adopt policies that allow district court judges to depart downward from the sentencing guidelines when the Government moves to include a defendant in a fast-track program. Pub. L. No. 108–21, 117 Stat 650 (2003). The Sentencing Commission thus enacted a guideline that allows a sentencing court to "depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1.

**DISCUSSION**

On July 2, 2012, Palomino-Moreno submitted the instant motion to include him in the Program and to consequently reduce his sentence. (Doc. No. 122). For the reasons stated herein, the motion is **DENIED**.

II) **Motion to Consider Eligibility for Fast Track Program**

Palomino-Moreno's motion to consider his eligibility for the Program described in the Cole Memorandum must fail for a host of reasons. These are that a) it is not the decision of the sentencing court whether a particular defendant may participate in the Program; b) policies of the Justice Department ("Department") are neither given the weight of law nor apply retroactively; c) Palomino-Moreno has not demonstrated he would be selected to participate in the Program; and d) granting the motion would defeat the specifically articulated purpose of the Program.

A) The Government must move for a defendant to be included in the Program

As a threshold matter, the plain language of the Cole Memorandum and the Sentencing Guidelines makes clear that it is the Government's request that permits a court to grant a downward sentencing departure for eligible defendants. Cole Memorandum at 4; U.S.S.G. § 5K3.1; see also U.S. v. Miranda-Garcia, 2006 WL 1208013, at *2 (M.D. Fla. May 4, 2006) ("[O]nly the government can file a motion for downward departure pursuant to an early disposition program."). Defendants cannot on their prerogative request that a court place them in the program. U.S. v. Alvarez-Quiroz, 2012 WL 2003501, at *2 (D. Minn. June 5, 2012) ("Defendants are not eligible to request their sentencing Court for a fast track sentence reduction or to

compel the Government to ask for the reduction."). Therefore, Palomino-Moreno's request that this Court include him in the Program on its own accord cannot be granted.

B) Policies of the Department of Justice are not assigned the weight of law

The Cole memorandum states that the new policy it articulates "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal, nor does it place any limitations on otherwise lawful litigative prerogatives of the Department." Cole Memorandum at 1.

Palomino-Moreno has not demonstrated that he would be selected to participate in the Program

Assuming *arguendo* that the Department's new policy regarding fast-track immigration litigation does apply retroactively and that the Court must consider his request as a matter of law, Palomino-Moreno does not demonstrate that the Program would benefit him. The Program specifically gives U.S. Attorneys wide-ranging discretion to consider a variety of factors when deciding whether to use the fast-track program for a particular defendant. These factors include:

> (1) The defendant's prior violent felony convictions (including murder, kidnapping, voluntary manslaughter, forcible sex offenses, child-sex offenses, drug trafficking, firearms offenses, or convictions which otherwise reflect a history of serious violent crime); (2) The defendant's number of prior deportations, prior convictions for illegal reentry under 8 U.S.C. § 1326, prior convictions for other immigration-related offenses, or prior participation in a fast-track program; (3) If the defendant is part of an independent federal criminal investigation, or if he or she is under any form of court or correctional supervision; or (4) With supervisory approval, circumstances at the time of the defendant's arrest or any other aggravating factors identified by the United States Attorney.

Cole Memorandum at 3. The last factor ("any other aggravating factors identified by the United States Attorneys") makes particularly clear that U.S. Attorneys enjoy sweeping discretion in deciding whether a particular defendant may participate. Accordingly, Palomino-Moreno cannot demonstrate that the U.S. Attorney would have elected to move the Court to include him in the Program.

C) Granting the motion would belie the goals of the Program

As explained earlier, the purpose of the Program and its recent expansion are to preserve scarce judicial resources. See H.R. Rep. No. 108–48 at 7 (explaining that a defendant who "promptly agrees to participate in such a program has saved the government significant and scarce resources.") Contrastingly, granting Palomino-Moreno's motion would defeat that aim by allowing an individual whose relationship with the justice system began almost two years ago and who filed a direct appeal of his conviction and sentence, an action specifically forfeited by those participating in the Program, Cole Memorandum at 3-4, to participate. Such a result is clearly incompatible with the Government's motive in expanding the Program and the interests of justice.

I)      **Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Palomino-Moreno's Motion is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 10th day of July, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copy: Gerardo Palomino-Moreno, pro-se